LIGHTNING CREEK OIL & GAS CO. AND CONSOLIDATED COMPANY, CAREY OIL & GAS CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

.Docket Nos. 8584, 23204.   Promulgated January 11, 1928.

*E. C. Gruen, C. P. A.*, for the petitioners.
*P. M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petition filed for the year 1919 alleges that the respondent erred in eliminating from invested capital as appreciation an amount of $40,000, which is the difference between the total par value of the stock of the Lightning Creek Oil & Gas Co. and the Carey Oil & Gas Co., or $112,000, and the amount paid therefor, $72,000, when the stock was purchased in 1906 and 1916.

The petition for 1920 in addition to alleging the same error as for 1919 also alleges that the respondent erred in eliminating from in-

vested capital (1) an amount of $1,231.99 as "1917 tax adjustment" of which $186.09 is outlawed and uncollectible and the remainder based on an erroneous determination of income and profits taxes payable for that year; (2) $51,977.60 as "Liquidating deficit" which is largely depletion computed by respondent for the years 1906–1919 inclusive and not deducted from income in determining tax due; (3) $573.40 "1919 tax prorated," which is an erroneous determination based upon a tax the correctness of which is now pending before this Board; (4) $1,750.61 as a "Dividend adjustment" which was computed by the use of a "tentative tax" to determine income available for distribution; (5) $605.25 as "1918 income taxes" based upon an erroneous determination of the tax due for that year.

The respondent denies the commission of any error.

With respect to the elimination from invested capital of $40,000 as appreciation, the respondent determined that the assets of the two companies at the time acquired had an actual cash value of $72,000. The evidence offered in support of the contention that the respondent's valuation was erroneous consists of copies of the articles of incorporation of the two companies, copies of the minutes of certain meetings of the boards of directors and stockholders and various letters from the respondent as to the action taken by him on the returns of the Lightning Creek Oil & Gas Co. from 1913 to 1921 and the Carey Oil & Gas Co. from 1916 to 1921.

We have found that on September 6, 1904, the Lightning Creek Oil & Gas Co. authorized the issuance of 995 shares, or $99,500 par value of its stock, in exchange for oil and gas mining leases. On October 31, 1904, the Carey Oil & Gas Co. authorized the issuance of 7,840 shares or $196,000 par value of its capital stock for oil and gas mining leases and on January 3, 1905, authorized the issuance of 5,600 shares or $140,000 par value of its stock under contract for the drilling of wells and the constructing of a pumping station. It is not clear from the record how this $336,000 par value of stock could be issued by the corporation after it had already issued $200,000 par value, when its authorized capital stock was $300,000. Nor does the record show more than the authorization contained in the minutes for the issuance of such stock for the drilling of wells and the leases. There is no evidence that any wells were drilled pursuant to the contract. We are urged to find from these facts that the respondent erred in his determination of the amount of $72,000. It is also insisted that "under the conditions here prevailing the assumption of the legality; validity and value back of this stock issue should prevail" and the determination of the respondent be overruled.

We have heretofore considered the question as to the weight to be given the presumption that assets acquired for stock have a value equal to that of the par value of the stock issued therefor and have

held that such presumption unsupported by any evidence is insufficient to sustain the burden of proof. *Barnes Coal & Mining Co., et al.*, 3 B. T. A. 891. In the absence of any other evidence we must approve the action of the respondent in reducing the invested capital by $40,000 for each of the years 1919 and 1920.

With reference to the allegation that invested capital for 1920 was reduced by $1,231.99 representing " 1917 tax adjustment " of which $186.09 is barred by the statute of limitations and uncollectible and the remainder based on an erroneous determination of tax for that year, we find upon examination of the respondent's notice of the deficiency for 1920 which was put in evidence by the petitioner, that the respondent reduced the invested capital by only $1,045.90. Invested capital, therefore, was not reduced by the $186.09 which it is claimed is uncollectible. We have found that in determining the tax liability for 1917 the respondent reduced invested capital for that year by computing a " tentative tax " in determining the amount of earnings available for distribution as dividends. This was erroneous. *L. S. Ayers & Co.*, 1 B. T. A. 1135. The amount of earnings available for dividends should not be so reduced.

With reference to the contention that there was eliminated from invested capital for 1920 an amount of $51,977.60 as a " Liquidating Deficit " composed largely of depletion computed by the respondent for the years 1906 to 1919, inclusive and not deducted from income in determining tax due, we have found that the respondent determined that to January 1, 1920, the Lightning Creek Oil & Gas Co. had sustained depletion of $43,710.15 for which provision had not been made in its depletion reserve. There is no evidence that the computation of the respondent of the amount of depletion sustained was erroneous. The respondent included this amount in his computation of the deficit arising from the declaration of dividends in excess of earnings.

The evidence discloses that for the years 1913 through 1918 the company in the determination of its tax liability was given the benefit of the depletion deductions as determined by the respondent subsequent to the filing of the returns.

The amount of the depletion actually sustained in excess of the amount shown by the petitioner's books should be considered in determining the earnings available for dividends. If the dividends paid are in excess of earnings after allowance for sustained depletion, to the extent of the excess they amount in effect to a distribution of capital. *W. S. Bogle & Co., et al.*, 5 B. T. A. 541.

The respondent in his determination of the earnings available for dividends correctly followed this principle which we think is correct. The same principle is applicable to the depletion sustained in years prior to 1913 for invested capital purposes. The invested capital

should be reduced to the extent that the distributions made to stockholders exceeded earnings available therefor considering in determining the amount thereof the depletion actually sustained. This appears to have been done by the respondent in determining the deficiency.

It is contended that the respondent's determination that invested capital for 1920 should be reduced by $573.40 representing " 1919 tax prorated " is erroneous since it is based upon a tax the correctness of which is pending before this Board. It is sufficient to say that in the recomputation of the tax to be submitted in connection with notice of settlement the amount of this item should be computed upon the basis of the tax finally determined for the year 1919 in accordance with our findings of fact and this opinion.

With respect to the remaining contentions that invested capital for 1920 was erroneously reduced by $1,750.61 representing " Dividend adjustment " and $605.25 representing "1918 income taxes," we have found that for the years 1917, 1919, and 1920 the respondent made use of a " tentative tax " in determining the amount of earnings available during these years for distribution as dividends. As heretofore pointed out, such action is erroneous.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*